GREEN HASTINGS, GUARDIAN, v. B. F. BACHELOR.

To maintain an action against a guardian on an account for articles sold to his ward, a minor, it must be proved that the articles sold were necessaries for the minor, and suitable to his condition in life; for want of such proof on a trial in a court below, a judgment against the guardian on such an account will be reversed by the court.

In an action on an account for articles sold and delivered by a mercantile firm, one of the partners and a clerk in the establishment having testified as to the sale of the articles, the defendant offered to prove, that there were other clerks in the establishment during the period of time in which the articles were sold; *held*, that the defendant ought to have been permitted to show that fact as affecting the credibility of the witnesses and especially of the partner.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

This was an action brought by B. F. Bachelor, assignee of Phillips & Willis, a mercantile firm, against Green Hastings, guardian of George A. White, a minor, on an account for articles sold to said minor by said firm.

The petition alleged that White, at and before the time the goods were purchased, was a married minor; that the goods were necessary for the support of his family; that they were reasonable and proper for him to have in view of his estate. The defendant pleaded the general denial. An account was filed by the plaintiff, as an exhibit of goods purchased during the year 1858.

Paramore, a witness for plaintiff, testified that he was a clerk in the store of Phillips and Willis during a part of the time during

which the account sued on was being made; that he sold and de-
livered a part of the goods specified in the account, to White;
that he saw the defendant frequently in and about the store during
the making of the account; that most of the articles in the account
are charged in the handwriting of Willis, one of the firm of Phil-
lips & Willis; that Willis kept the books during the year 1858,
and the books containing the account were correctly kept.

Willis, one of the firm of Phillips & Willis, made a suppletory
oath, and said that the books and accounts were kept and posted
by him; that he made most of the entries in the day-book of the
items in the account sued on; that the items of the account were
correct, and were sold and delivered as therein specified; that he
had no other proof of the account than the testimony of Paramore
and of himself, together with the books kept by him.

The plaintiff then introduced Green Hastings as a witness; who
testified that the account had been presented to him and that he
had refused to accept the claim; that he considered many of the
articles in the account unnecessary for his ward; that he regarded
the account as highly extravagant.

The defendant offered to prove that Phillips & Willis had other
clerks in the store during the period of time in which the articles
embraced in the account were sold. The plaintiff objected to the
evidence and the objection was sustained.

There was a verdict for the plaintiff for the full amount of the
account, and judgment was rendered accordingly. A motion for
new trial was overruled and the defendant prosecuted his writ of
error.

*Stewart*, for plaintiff in error.

*Mills & Bachelor*, for defendant in error. The evidence of
Willis shows that the plaintiff had exhausted all other means of
proof other than his books and his oath; a part of the account hav-
ing been proved by the salesman. This supplies what was needed
in Townsend v. Coleman, 18 Tex. Rep., 418. Admitting for
argument's sake that the defendant offered to prove generally, the
mere existence of other clerks in the store. Such fact would only

Hastings v. Bachelor.

show *prima facie* that all other sources of proof had not been exhausted. This *prima facie* case was met and fully rebutted by the position and uncontradicted oath of Willis that he could not prove the account in any other way than by Paramore.

BELL, J.—There appears to have been a total want of proof that the articles sold to the minor, were necessaries, or suitable to his condition in life. The only evidence on this subject was the testimony of the guardian, who was called as a witness by the plaintiff below, and who appears to have testified without any objection. He stated that he considered many of the articles unnecessary for his ward, and that he thought the account highly extravagant, &c. There was certainly no evidence on this point to sustain the verdict of the jury. We are also of opinion that it was competent for the defendant below to show that there were other clerks in the mercantile establishment at the time of the sale of the goods charged in the account. It appears that most of the articles were charged in the sales-book in the handwriting of the partner Willis, and the evidence was perhaps sufficient to establish the sale and delivery of the goods. But if there were other clerks in the establishment than those who testified on the trial, the defendant ought to have been permitted to show the fact as affecting the credibility of the other witnesses, and especially of the partner Willis. Because the court did not permit this testimony to be offered, and because there was no evidence that the articles were necessary for the minor, or suitable to his estate in life, the judgment of the court below is reversed and and the cause remanded.

Reversed and remanded.